UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

|  |  |
|---|---|
| TREK METALS INC.,  )<br>  )<br>                       **Plaintiff,**  )<br>  )<br>                  v.  )<br>  )<br>UNITED STATES,  )<br>  )<br>                  **Defendant,**  )<br>  )<br>U.S. OCTG MANUFACTURERS  )<br>ASSOCIATION,  )<br>  )<br>          **Defendant-Intervenor.**  )<br>  ) | Ct. No. 25-00183 |

## JOINT MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 5.2 of the Rules of the U.S. Court of International Trade (USCIT) and Administrative Order No. 02-01, Plaintiff, Trek Metals Inc., ("Trek Metals"), Defendant, the United States ("the Government") and Defendant-Intervenor, the U.S. OCTG Manufacturers Association, respectfully request that the Court enter the accompanying proposed protective order, restricting the disclosure of business proprietary or other confidential information that will be made available in this proceeding, and permitting the parties to file such information and documents under seal. The proposed protective order has been tailored to the needs of this case.

Good cause exists for the entry of the proposed order. The Government intends to provide the administrative record to counsel for Trek Metals and the U.S. OCTG Manufacturers Association, which contains confidential information, and counsel for Trek Metals and the U.S. OCTG Manufacturers Association seek full access to the record pursuant to counsel's inclusion on the underlying administrative protective order at the agency. The entry of the protective order is necessary

for this access, as well as anticipated future use of confidential information during the proceeding, and protection of such information throughout the pendency of this litigation, including all appeals and remand proceedings.

For these reasons, we respectfully request that the Court enter the accompanying proposed protective order.

                                                Respectfully submitted,

                                                /s/ *Frederick P. Waite*
                                                Vorys Sater Seymour and Pease LLP
                                                1909 K Street, NW, Suite 900
                                                Washington, DC 20006
                                                (202) 467-8852
                                                fpwaite@vorys.com

                                                *Attorney for Plaintiff*

                                                BRETT A. SHUMATE
                                                Assistant Attorney General

                                                PATRICIA M. McCARTHY
                                                Director

                                                Claudia M. Burke
                                                CLAUDIA M. BURKE
                                                Assistant Director

                                                /s/ Margaret J. Jantzen
                                                Margaret J. Jantzen
                                                Senior Trial Counsel
                                                Commercial Litigation Branch
                                                Civil Division
                                                U.S. Dep't of Justice
                                                P.O. Box 480, Ben Franklin Station
                                                Washington, DC 20044
                                                (202) 353-7994
                                                Margaret.j.jantzen@usdoj.gov


                                                *Attorneys for Defendant*

*/s/ Nicholas J. Birch*
Schagrin Associates
900 Seventh Street, NW.
Suite 500
Washington, DC 20001
nbirch@schagrinassociates.com

September 24, 2025                    *Attorney for Defendant-Intervenor*

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| TREK METALS INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant, )<br>)<br>U.S. OCTG MANUFACTURERS )<br>ASSOCIATION, )<br>)<br>Defendant-Intervenor. )<br>) | Ct. No. 25-00183 |

**PROTECTIVE ORDER**

1. For purposes of this Protective Order, "Confidential Information" means information, data, and documents the disclosure of which to or by the receiving party would, in the good faith belief of the producing party, result in the disclosure of one of the following categories of information: (1) proprietary, business, financial, technical, trade secret, or commercially sensitive information; (2) information that any party or person is prohibited from releasing publicly pursuant to contracts, applicable statutes, applicable regulations, or directives from the Government; (3) private information that is otherwise protected from disclosure under applicable law including, but not limited to, personnel files; and (4) other confidential research, development, or commercial information as set forth in Rule 26(c)(1)(G) of the Rules of the U.S. Court of International Trade ("Court").

2. This Protective Order is not intended to address or govern claims of privilege or work product that may otherwise be asserted by any of the parties. This Protective Order does not restrict in any manner a party's use of its own Confidential Information.

3. No receiving party may disclose any document designated as containing Confidential Information or disclose or summarize any information contained in such a document to any person other than:

    A. Counsel for a party in this action who are engaged in the conduct or preparation of this action or any appeal from a decision in this action;

    B. Secretaries, paralegal assistants, clerical personnel, and other employees of a party in this action who are engaged in assisting counsel (as described in item A of this paragraph), including employees of counsel, in the preparation of this action;

    C. Persons who prepared, received, or reviewed Confidential Information prior to its production in this case;

    D. Government personnel or investigators to whom counsel determine in good faith that disclosure is required to assist in the prosecution, defense or resolution of this case;

    E. Authorized personnel of the Court;

    F. Videographers or court reporters retained by a party to this action or the Court;

    G. Any third party consultant or experts who are retained to assist in the preparation of this action provided such individuals execute and file with the Court a sworn declaration attesting to their agreement to fully follow all of the provisions of the judicial protective order and acknowledging their liability for violation of the terms of the judicial protective order.

      4.      Counsel for Plaintiff and Defendant-Intervenor shall cause all persons under their direction and control who see confidential information to comply with the terms of this Protective Order, and to sign a statement to be filed with the Court acknowledging that their access to confidential information will be under the direction and control of counsel, and that they will comply with the terms of this Protective Order. Although by its terms Form 17 (Business Proprietary Information Certification) does not apply to matters under 19 U.S.C. § 1517, the filing of the attached form will satisfy the requirements of this paragraph.

      5.      All persons having access to Confidential Information shall maintain it in a safe and secure manner to ensure compliance with this Protective Order. Persons receiving Confidential Information pursuant to this Protective Order will not make use of or disclose any Confidential Information for any purpose other than the litigation of this action or use such information in a manner inconsistent with 28 U.S.C. § 2640(e) and 19 U.S.C. § 1517(g), which define the scope of review in this civil action. A party, or a party's attorney, waives the protection of this Protective Order as to the information of the party contained in any filing of that party or any information of the party contained in the administrative record, when it files such information without redaction and not under seal.

      6.      Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Information consistent with this Protective Order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

7. A designation of information as "confidential" is to be made by stamping or otherwise inscribing the word "CONFIDENTIAL" and/or "BUSINESS PROPRIETARY INFORMATION" and/or "PROPRIETARY DOCUMENT" and/or "SUBJECT TO PROTECTIVE ORDER" upon the document itself. When a document contains information that is both non-confidential and confidential, the producing party will make a reasonable effort to segregate the confidential portions by clearly identifying the specific pages and/or portions thereof which are confidential. The filing with the Court of confidential and public versions of a party's appendix will satisfy the requirements of this paragraph. Those portions of documents which are not confidential will not be restricted by this Protective Order, and the parties, in their publicly filed pleadings, publicly filed briefs, or other publicly filed submissions, may quote, reference, or summarize non-Business Proprietary Information and other non-confidential information contained in a document containing both non-confidential and confidential information, without redaction.

8. Any documents, including briefs and memoranda, that are filed with the Court in this civil action and that contain any Confidential Information shall be conspicuously marked as containing Confidential Information that is not to be disclosed to the public.

9. Arrangements shall be made with the Clerk of the Court to retain such documents under seal, permitting access only to the Court, Court personnel authorized by the Court to have access, counsel for the Plaintiff, counsel for the Defendant and counsel for Defendant-Intervenor. The party filing any document referred to in this paragraph shall also file within three business days after the date of filing the document another copy of such document from which all of the confidential information shall have been deleted in accordance with Rule 5 and 81 of the Rules of this Court.

10. If counsel for any party to this Protective Order finds it necessary to refer to Confidential Information in any oral proceeding before this Court, such counsel shall notify the Court and all other counsel of record as soon as the necessity becomes apparent and propose whatever mechanism which may be available and appropriate to prevent disclosure of confidential information to persons other than those authorized by this Protective Order.

11. The obligations and protections imposed by this Protective Order shall continue beyond the conclusion of this case, including any appellate and remand proceedings, or until the Court orders otherwise.

12. Upon conclusion of this litigation, including such appellate and remand review as may occur, documents designated as Confidential Information and all copies of same (other than exhibits of record) will be destroyed by any non-Government receiving party; or alternatively, if requested by the producing party, such documents and copies (other than exhibits of record) will be returned by the non-Government receiving party to the producing party at that party's request, other than copies containing work notes of counsel or other authorized persons, which will be destroyed.

13. Any party may petition the Court, on reasonable notice to all other parties, for a modification of the terms of this Protective Order. The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this case.

14. If a dispute arises concerning the designation of any Confidential Information, the parties shall first take reasonable steps to meet and confer in good faith to resolve any dispute on an informal basis before seeking the Court's intervention.

15. If the parties cannot informally resolve any dispute regarding whether particular information is properly designated as Confidential Information under this Protective Order, a party may apply to or move the Court for an *in camera* determination or a Court order that Confidential Information is not entitled to such designation status and protection from disclosure.

16. The party whose information is being challenged as non-confidential or not subject to protections afforded by this Protective Order (hereinafter, "Designating Party") shall be given notice of the application or motion and a reasonable opportunity to respond by the Court. Material designated as Confidential Information prior to any such challenge shall be treated as such by the parties until further order of the Court has determined or ordered otherwise. The burden rests on the Designating Party to demonstrate that the designation is proper.

SO ORDERED.

Dated: _____            Joseph A. Laroski, Jr., Judge
                                         New York, New York

Form 17-1

**Form 17**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| Plaintiff,<br><br>v.<br><br>Defendant. | Court No. |

**BUSINESS PROPRIETARY INFORMATION CERTIFICATION**

_____ certifies that

1. I am

   ☐  an attorney at the law firm of _____; or an attorney in the corporate legal department of _____, and I have read and am familiar with the Rules of the United States Court of International Trade.

   ☐  a consultant employed by _____.

2. I represent, or am retained by or on behalf of

   ☐  a party to this action,

   ☐  an interested party that has filed a motion to intervene in this action, which is identified below:
   _____.

3. I was

   ☐  granted access to business proprietary information subject to an administrative protective order in the administrative proceeding which gives rise to this action.

   ☐  not subject to an administrative protective order in the administrative proceeding which gives rise to this action. All parties to this action and interested parties who are entitled to service of this Certification pursuant to Rules 5 and 73.2(c)(5) of the United States Court of International Trade are listed below:

Form 17-2

| Party | Attorney | Date of Contact |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Each of these parties or interested parties has been contacted; none has objected to my access to proprietary information in this action subject to Administrative Order No. 02-01 of the United States Court of International Trade.

4. I am

    ☐ (for attorneys) not involved in competitive decision making for the interested party I represent.

    ☐ (for consultants) independent of all parties in this action.

5. I have read and agree to be bound by the terms of Administrative Order No. 02-01 of the United States Court of International Trade.

_____

[Attorney or consultant]

_____

_____

_____

[Address and Telephone Number]

Date: _____

Form 17-3

# ADDITIONAL CERTIFICATIONS FOR ACCESS TO BUSINESS PROPRIETARY INFORMATION BY NON-ATTORNEY CONSULTANTS

1. Certification by the consultant:

   In this action, my access to business proprietary information will be under the direction and control of _____, an attorney at the law firm of _____, who has provided the following certification.

   _____

   [Consultant]

   _____
   _____
   _____

   [Address and Telephone Number]

   Date:_____

(2) Certification by the attorney who is responsible for the direction and control of the consultant's access to business proprietary information:

   I am an attorney at the law firm of _____ and am admitted to practice before the United States Court of International Trade. I have met the criteria for access to business proprietary information under Rule 73.2(c) of the Rules of the United States Court of International Trade. I will exercise direction and control over the access to business proprietary information by the consultant who submits this Certification, and agree to assume responsibility for the consultant's compliance with the terms of Rule 73.2(c) and Administrative Order No. 02-01 of the United States Court of International Trade.

   _____

   [Attorney]

   _____

   _____

   _____

   [Address and Telephone Number]

Date:_____

(Added Jan. 25, 2000, eff. May 1, 2000; and amended Sept. 30, 2003, eff. Jan. 1, 2004; Feb. 6,
2013, eff. Mar. 1, 2013.)